NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10463 |
| Plaintiff-Appellee, | D.C. No. 1:11-cr-00479-JMS-1 |
| v. | |
| KENNETH SCOTT GORDON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted June 14, 2017**
Honolulu, Hawaii

Before: FISHER, PAEZ and NGUYEN, Circuit Judges.

Kenneth Scott Gordon was arrested and convicted for conspiring to

distribute and possessing with intent to distribute large quantities of

methamphetamine. The evidence against him largely came from a duffel bag and

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

wallet seized from his person at the time of his arrest and the testimony of a co-conspirator, Richelle Higa.  The jury returned a verdict of guilty.  The district court sentenced him to 164 months, denying Gordon's request for a minor role adjustment.  Gordon timely appealed.

Gordon argues the district court erred by: (1) denying his motion to suppress evidence from the duffel bag and wallet; (2) admitting a 35-second video; (3) refusing to apply a minor role downward adjustment; and (4) imposing a procedurally and substantively unreasonable sentence.  We affirm.

*First*, the district court properly denied Gordon's motion to suppress evidence from the duffel bag and wallet.  Law enforcement agents searched the duffel bag within seconds of Gordon being handcuffed.  It was, therefore, "roughly contemporaneous with the arrest" and, thus, lawful.  *United States v. Camou*, 773 F.3d 932, 938 (9th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004)); *see also United States v. Cook*, 808 F.3d 1195, 1197, 1199-1200 (9th Cir. 2015) (upholding search of a backpack after a suspect was handcuffed where there were reasonable security concerns); *United States v. Nohara*, 3 F.3d 1239, 1243 (9th Cir. 1993) (upholding search of a bag two to three minutes after the suspect was handcuffed and seated in an apartment hallway).  Unlike the suspect in *Arizona v. Gant*, Gordon was "within reaching distance" of the duffel bag when it was first searched.  556 U.S. 332, 351

(2009). Although a close call, the initial search was lawful. Further, the district court's conclusion that the duffel bag remained in the uninterrupted control of law enforcement was not clearly erroneous. Gordon points to no evidence that anyone other than law enforcement had access to the duffel bag after he was arrested. As to the wallet, Gordon stipulated that officers would testify the wallet was taken from his person at the time of his arrest. He also stipulated that the wallet was then transported to DEA headquarters. The district court properly relied on these stipulations in finding the search of the wallet was lawful. *See United States v. Passaro*, 624 F.2d 938, 944 (9th Cir. 1980).

*Second*, the district court did not abuse its discretion by admitting a 35-second video. A DEA agent testified the video was made on the day of Gordon's arrest, so a reasonable jury could conclude the erroneous time and date stamp was due to technical error.

*Third*, the district court did not clearly err by concluding Gordon was not entitled to a minor role adjustment. That Gordon was far less culpable than the leaders of the conspiracy is not dispositive. Rather, the question is whether Gordon's behavior was substantially less culpable than the average participant, including the other couriers. Gordon did not show his behavior was substantially less culpable than average.

*Fourth*, the district court did not procedurally or clearly err by treating the

3

$18,020 found in the duffel bag as drug money.  The money was found in a macadamia candy box, the method used to conceal the proceeds from drug sales. Higa was not so incredible that the court could not believe her.  In any event, as Gordon concedes, the district court's treatment of the $18,020 as drug money did not affect his total offense level. The district court did not clearly err.

*Fifth*, Gordon's sentence was substantively reasonable.  The district court properly considered the sentencing factors under 18 U.S.C. § 3553(a) and concluded a "substantial sentence above the mandatory minimum" was appropriate.  That reasoning was not "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks omitted) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 577 (1985)).  Indeed, although Gordon's sentence was lengthy, it was still two years shorter than the lowest guidelines range sentence.

**AFFIRMED.**

FILED

JUL 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Gordon*, No. 13-10463

PAEZ, J., concurring:

I agree with the majority in full.  I write separately only to clarify that I would reverse the denial of the motion to suppress, in accordance with *Arizona v. Gant*, 556 U.S. 332 (2009) and our decision in *United States v. Camou*, 773 F.3d 932 (9th Cir. 2014), if not for *United States v. Cook*, 808 F.3d 1195 (9th Cir. 2015).  On similar facts as here, the court in *Cook* concluded that the dual purposes of the search-incident-to-arrest doctrine were sufficiently served to uphold the search.  Although, in light of *Gant* and *Camou*, I would not have concluded the same, I view *Cook* as controlling here.